UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL BIANCO, *by his attorney in fact Jeffrey Farkas, M.D.*, *under a power of attorney*,

            Plaintiff,

v.

ADP TOTALSOURCE, INC.,

            Defendant.

**MEMORANDUM & ORDER**
23-CV-01054 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

Defendant ADP TotalSource, Inc. ("ADPTS") moves to dismiss Plaintiff Michael Bianco's Second Amended Complaint ("SAC"), ECF No. 21, for lack of subject matter jurisdiction and for failure to state a claim. ECF No. 22 (Defendant's Motion to Dismiss). Defendant asserts three bases for dismissal: (1) Defendant is not a proper party to the lawsuit; (2) Plaintiff's claim may not be asserted by Dr. Jeffrey Farkas through a power of attorney; and (3) Plaintiff lacks Article III standing because he has not sustained an injury in fact. *See generally* ECF No. 22-1. For the reasons set forth below, the Court grants the motion.[1]

## BACKGROUND

The factual background is derived from allegations in the SAC, which the Court accepts as true when considering a motion to dismiss. Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, related to unreimbursed medical expenses following emergency surgery performed by Dr. Miguel Litao.

---

[1] Because the Court finds that Dr. Farkas is statutorily precluded from bringing the lawsuit and that the SAC, therefore, fails to plead a plausible cause of action under ERISA, it does not address Defendant's other arguments.

ECF No. 21 ¶¶ 6, 9.  Plaintiff, however, does not bring this lawsuit in his own right, but instead purports to bring the action through Dr. Farkas, who claims to be Plaintiff's attorney-in-fact pursuant to a power of attorney ("POA").  *Id.* ¶¶ 2–3.  Dr. Farkas is apparently the eponym of a medical practice named Jeffrey Farkas, M.D., LLC.  *Id.* ¶ 9.  On October 28, 2020, Dr. Litao, a physician affiliated with the Farkas medical practice, performed emergency brain surgery on Plaintiff following a brain hemorrhage.  *Id.* ¶¶ 7–9.  Subsequently, Plaintiff's physicians submitted claims totaling just over $190,000 to Plaintiff's health insurance plan.  *Id.* ¶¶ 11–13.  The insurer paid only $28,217.58, *id.* ¶ 32, and Plaintiff seeks to recover the difference of approximately $162,000, *id.* ¶ 34, from Defendant under ERISA's civil enforcement provision, § 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B), *id.* ¶ 38.

The SAC is Plaintiff's third complaint in this action.  The original complaint, ECF No. 1, named as a defendant Automatic Data Processing, Inc. ("ADP").  The first amended complaint ("FAC"), ECF No. 9, added ADPTS as a defendant.  Following the exchange of pre-motion conference letters in which Defendant identified various arguments in favor of dismissal, ECF Nos. 17, 18, the Court entered a text order on May 16, 2023, identifying a potential legal deficiency in the FAC, and granted Plaintiff leave to file the SAC, which Plaintiff did on May 22, 2023.  ECF No. 21.  The instant motion followed.  ECF No. 22.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2]  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2]   Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of [p]laintiff'[s] claims for relief." *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 155 (E.D.N.Y. 2018). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff fails to state a claim upon which relief can be granted under ERISA Section 502(a)(1)(B). This provision provides that a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" may be brought "by a participant or beneficiary" of an ERISA-covered health plan. ERISA § 502(a)(1)(B). In this Circuit, a POA is insufficient for a provider to bring suit on behalf of a patient under ERISA. *See Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.,* 821 F.3d 352, 358–61 (2d Cir. 2016). In considering whether psychiatrists could stand in the shoes of their patients under ERISA Section 502(a)(3), the Second Circuit held that the psychiatrists did not have a cause of action under ERISA, as plaintiffs under the statute are limited to "a participant, beneficiary, or fiduciary." *Id.* at 360–61. Consequently, the psychiatrists were not "expressly authorized to sue." *Id.* at 361. The Second Circuit further held that an invalid assignment—there, an assignment of claims without an exchange of consideration—was insufficient for one of the doctors to pursue a cause of action under ERISA. *Id.* Similarly, in *Med. Soc'y of New York v. UnitedHealth Grp. Inc.,* No. 16-cv-5265, 2017 WL 4023350, at *6–7 (S.D.N.Y. Sept. 11, 2017), the district court considered whether a medical practice could pursue a claim as an "authorized representative" or "attorney-in-fact" for patients

3

where the health plan in question "unambiguously prohibit[ed] assignment." The court explained that ERISA clearly enumerates who may bring suit under the statute and, without a valid assignment, an unenumerated third party lacks a cause of action under the statute. *Id.* at *7 ("ERISA carefully enumerates the parties entitled to seek relief and courts cannot expand the congressionally-created statutory list of those who may bring a cause of action by importing third-party prudential considerations[.]").

Likewise here, a physician who seeks to stand in the shoes of a patient of his practice is not a participant nor a beneficiary under the patient's plan, and therefore has no cause of action under ERISA Section 502(a)(1)(B). *Karkare v. Cigna Life & Health Ins. Co.*, No. 21-cv-6983, 2023 WL 2711046, at *3–5 (E.D.N.Y. Mar. 30, 2023); *Karkare v. Aetna Life Ins. Co.*, No. 21-cv-7152, 2022 WL 17787619, at *3–4 (E.D.N.Y. Nov. 7, 2022), *report and recommendation adopted*, 2023 WL 2731732 (E.D.N.Y. Mar. 31, 2023).[3] Plaintiff in the *Karkare* line of cases was a physician associated with a medical practice whose doctors performed surgeries for various patients. *See Cigna Life & Health Ins.*, 2023 WL 2711046, at *1–2; *Aetna Life Ins.*, 2022 WL 17787619, at *1. Plaintiff Karkare, acting as an attorney-in-fact for the patients, sought relief under ERISA Section 502(a), arguing that different defendant health insurance companies violated their ERISA obligations by under-reimbursing the expenses associated with the surgeries performed. *See Cigna Life & Health Ins.*, 2023 WL 2711046, at *1; *Aetna Life Ins.*, 2022 WL 17787619, at *1. In doing so, the district courts found that plaintiff Karkare was attempting to side-step the health care plans' anti-assignment provisions through the use of a

---

[3]   *See also* October 21, 2022, Text Order, *Karkare v. Raymours Furniture Co.*, No. 22-cv-5014 (E.D.N.Y. Oct. 21, 2022); October 21, 2022, Text Order, *Karkare v. Iron Workers Local 580*, No. 22-cv-5988 (E.D.N.Y. Oct. 21, 2022).

POA.  *See Cigna Life & Health Ins.*, 2023 WL 2711046, at *4–5; *Aetna Life Ins.*, 2022 WL 17787619, at *4.  Because plaintiff Karkare did not have a valid assignment of the patients' claims, plaintiff Karkare failed to allege a cause of action under ERISA.  *See Cigna Life & Health Ins.*, 2023 WL 2711046, at *4–5; *Aetna Life Ins.*, 2022 WL 17787619, at *4.

      Plaintiff attempts to distinguish the *Karkare* line of cases by arguing that plaintiff Karkare was "improperly using the POA as the functional equivalent of an assignment."  ECF No. 25 at 14.[4]  While Plaintiff concedes that Dr. Farkas "does not have standing to bring an ERISA case against Defendant pursuant to a POA executed by Michael Bianco," he nevertheless argues that Mr. Bianco "has every right to retain ownership of his claim, and delegate [Dr.] Farkas as his attorney in fact to pursue the case for him."  *Id.* at 15.  Unfortunately for Plaintiff, this is a distinction without a difference because the end result is the same here as in the *Karkare* cases: Dr. Farkas, like Dr. Karkare, is attempting to assert the rights of another.  As the *Karkare* cases make clear, Congress did not intend to authorize physicians to bring actions under ERISA Section 502(a)(1)(B), and an interpretation allowing a POA to be utilized to circumvent ERISA's statutory language and unambiguous anti-assignment provisions in plans would frustrate that intent.  *E.g.*, *Cigna Life*, 2023 WL 2711046, at * 3.  To hold otherwise would disregard the binding precedent of this Circuit that a POA is insufficient for a provider to bring suit on behalf of a patient under ERISA where the healthcare plan contains an unambiguous anti-assignment clause.  *Am. Psychiatric Ass'n,* 821 F.3d at 358–61.  Moreover, it would allow a POA to be utilized to authorize actions by persons whom Congress has declined to authorize as plaintiffs.  *E.g.*, *Cigna Life*, 2023 WL 2711046, at * 3.  Because the POA in the instant case is being utilized

---

[4]    The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

to circumvent the plan's unambiguous anti-assignment provision,[5] Dr. Farkas is not among the class of plaintiffs that Congress has authorized to bring this ERISA § 502(a)(1)(B) action, and Plaintiff has thus failed to state a claim pursuant to Rule 12(b)(6).[6]

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss. *See* ECF No. 22. The Clerk of Court is respectfully directed to enter judgment in favor of Defendant and to close this case.

SO ORDERED.

                                              */s/ Hector Gonzalez* .
                                              HECTOR GONZALEZ
                                              United States District Judge

Dated: Brooklyn, New York
         February 9, 2024

---

[5] Plaintiff does not contest Defendant's assertion, *see* ECF No. 22-1 at 15, that the plan at issue here is subject to a valid non-assignment provision. *See generally* ECF No. 25.

[6] Although Plaintiff does not seek leave to further amend the SAC, the Court notes that further amendment at this point would not be appropriate. While the Second Circuit "strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)," *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022), the Court declines to grant Plaintiff further leave to amend because any further amendment would be futile. Plaintiff took advantage of the opportunity to amend his first amended complaint after the filing of a pre-motion conference letter identifying the arguments raised by Defendant in the instant motion. That amendment, however, failed to address the deficiencies identified in Defendant's pre-motion letter. The Court does not see how further amendment would rectify the pleading deficiencies noted above.